UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DAVID MOORE, # 45513                                                                        PETITIONER

V.                                                              CIVIL ACTION NO.1:05CV104-GHD-JAD

LAWRENCE KELLY, ET AL                                                                     RESPONDENTS

REPORT AND RECOMMENDATION

David Moore was convicted for the sale of cocaine in the Circuit Court of Lowndes County in 1991. He was sentenced by the court to a term of thirty years as an habitual offender. His conviction was affirmed by the Mississippi Supreme Court on February 10, 1994.

He filed a petition for habeas relief on April 8, 2005. The Anti-Terrorism and Effective Death Penalty Act (AEDPA), with its one year statute of limitations was enacted on April 24, 1996. For the purposes of AEDPA all prior convictions are treated as having become final on the statute's effective date. *Grillette v Warden, Winn Correctional Center,* 372 F.3d 765, 768 (5th Cir. 2004). In the absence of a properly filed motion for post-conviction relief, the AEDPA statute of limitations would have expired on April 24, 1997. Moore did have a state court motion for post-conviction relief pending during at least part of this time, which was denied by order of the state court on May 20, 1996. Therefore, in the absence of one of the enumerated exceptions being applicable, Moore's time for filing a federal habeas petition would have expired on or about May 20, 1997.[1]

28 U.S.C § 2244(d)(1)(C) provides an exception to the one year statute of limitation. The one year period would begin to run again from "the date on which the constitutional right asserted

---

[1]. The record provided does not indicate, and Moore does not contend that there were any further filings during this one year period.

was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id*. Moore contends that his petition is subject to this "intervening decisions" exception, citing *Blakely v. Washington*, 542 U. S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). Moore's petition is a laundry list of complained of errors, but includes a challenge to his sentencing as an habitual offender based upon judicial, as opposed to jury, fact finding.

Moore is incorrect on two counts. First, *Blakely* does not recognize the constitutional right he asserts. The Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L.Ed.2d 435 (2000), stated "**Other than the fact of a prior conviction**, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 476, 120 S. Ct. at 2355. *Blakely* confirms that prior criminal convictions are an exception to its holding. *Id*. at 301, 124 S. Ct. 2536. In Moore's case the enhancement of his sentence is the result of prior convictions. Therefore *Blakely* does not mandate submission of the habitual offender question to a jury. *Blakely* does not assist Moore's cause even if it was otherwise an "intervening decision."

Moore is also wrong in asserting that *Blakely* qualifies as an intervening decision under 28 U. S. C. § 2244(d). In *Tyler v. Cain*, 533 U.S. 656, 121 S. Ct. 2478, 150 L. Ed. 2d 632 (2001) the Supreme Court held that a new rule was retroactively applicable, when the Supreme Court, not other courts said it was retroactively applicable. *Id.* at 663. There is every indication that the Supreme Court has not and will not make *Blakely* retroactively applicable on collateral review. *In re Elwood,* 408 F.3d 211, 212 (5 Cir. 2005) (where the Fifth Circuit, citing *Schriro v. Summerlin,* 542 U.S. 348, 124 S. Ct. 2519, 159 L. Ed.2d 442 (2004), held that the Supreme Court has "strongly suggested"

2

that *Apprendi* and *Blakely* would not be retroactively applied to cases on collateral review.) No exception to the one year period of limitation is applicable to this case.

The undersigned recommends that Moore's petition be dismissed as time barred.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 7th day of December, 2005.

/s/ JERRY A. DAVIS  
UNITED STATES MAGISTRATE JUDGE